J-A14022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANELL MARIE HENRY | : | |
| | : | |
| Appellant | : | No. 1408 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 12, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012442-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED NOVEMBER 10, 2020

Shanell Marie Henry appeals from the judgment of sentence imposed on August 12, 2019, following her non-jury trial conviction for Hindering Apprehension or Prosecution.[1] At Henry's bench trial, the parties agreed to submit the Affidavit of Probable Cause attached to the Criminal Complaint in lieu of witness testimony. Henry claims that the statements in the affidavit were not sufficient to support her conviction. We affirm.

The affidavit of probable cause stated that while he was on duty one night in August 2018, Officer Joseph White saw a man and a woman get out of a silver Camaro shortly after midnight and walk into a Sheetz. They later identified the woman as Henry. Officer White ran a check of the Camaro's license plate and learned that the Camaro was registered to Corey

_____

[1] See 18 Pa.C.S.A. § 5105(a)(2).

Washington, a suspended driver with an outstanding warrant. Officer White identified the driver of the Camaro as Washington from Washington's driver's license photo. While Officer White attempted to verify the warrant and radio for backup, Washington "sneaked out the back of Sheetz" and left the area. Police Criminal Complaint, 8/15/18, at 2.

The officers then entered the Sheetz, unaware that Washington had fled. When they were unable to find Washington, the officers approached Henry, who initially told them that she had not gone into the store with another person. Officers detained Henry because of this false statement while they searched the surrounding area for Washington. When that proved unsuccessful, they released her from custody and at approximately 1 a.m., they called off the search. See id.

Officer White then remained in the area "to watch for Henry to return and pick up Washington." Id. Approximately 20 minutes after the search ended, Officer White learned Washington's address, and when he drove past the home, he saw lights on inside. A short while later, another officer saw the silver Camaro near Washington's home, at the intersection of Moon Clinton Road and Wiltshire Drive. He stopped the car and Officer White asked Henry why she was in the area. She responded that Moon Clinton Road was the shortest way to her home in Aliquippa. The officers doubted her story, however, because it was nearly an hour after the incident at the Sheetz, the Sheetz is "less than half of a mile from 376 Business loop," which leads to

Aliquippa, and Henry "had no explanation for coming from the area of Lockheed or why she was in the area almost an hour later." Id.

Officer White then again asked Henry about the incident at Sheetz. When he confronted her with the fact that the Sheetz store was only a few minutes from major highways providing an easier and quicker route to her home in Aliquippa, Henry admitted that she had entered the Sheetz with Washington, but said that he disappeared when she was waiting in line while her back was to him. She denied having seen him since that moment and said she could not make contact with him. Id.

Police charged Henry with Hindering Apprehension or Prosecution, and on August 12, 2019, the court found Henry guilty and sentenced her to 18 months of probation. This timely appeal followed. Henry raises one issue:

> Whether the evidence [is] insufficient to convict [Henry] of hindering apprehension or prosecution where the Commonwealth failed to prove, beyond a reasonable doubt, that [] Henry intended to hinder the apprehension of [Washington] by communicating with, or providing transportation to, him after her interaction with police at Sheetz, as required by 18 Pa.C.S.[A.] § 5105(a)(2)?

Henry's Br. at 4.

> Our standard of review for a challenge to the sufficiency of the evidence is de novo, but our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt.

Commonwealth v. Robinson, 128 A.3d 261, 264 (Pa.Super. 2015) (en banc) (citations omitted).

Pursuant to 18 Pa.C.S.A. § 5105, the Commonwealth can obtain a conviction for Hindering Apprehension or Prosecution, by establishing beyond a reasonable doubt that: 1) the defendant had the intent to hinder the apprehension, prosecution, conviction, or punishment of another; and 2) the defendant provided or aided in providing a weapon, transportation, or other means of avoiding apprehension. See 18 Pa.C.S.A. § 5105(a)(2). Section 5105 provides in relevant part:

§ 5105. Hindering apprehension or prosecution

(a)   Offense defined.—A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, he:

* * *

(2) provides or aids in providing a weapon, transportation, disguise or other means of avoiding apprehension or effecting escape. . . .

18 Pa.C.S.A. § 5105(a)(2).

Henry maintains that the evidence was insufficient to prove that she intended to hinder the apprehension of Washington by communicating with him or providing transportation to him after the incident at the Sheetz. This is so, she argues, because after the incident, Officer White never saw her with Washington, never saw her on the phone, and never confirmed that Washington was in his residence when Officer White saw the lights on in Washington's home. She further argues that there was no evidence that Washington told her that he was subject to an open arrest warrant. She

contends that the only circumstantial evidence of her guilt was that police stopped her "in the vicinity of Washington's home about an hour after the events at Sheetz." Henry's Br. at 17. Henry argues that her conviction is based on mere conjecture, rather than proof beyond a reasonable doubt.

We disagree. The evidence against Henry was not limited to the fact that police stopped her near Washington's house an hour after the incident. Rather, the evidence also included her failure to give police any reasonable explanation for being there an hour later. She offered no good reason why she was at the intersection of Moon Clinton Road and Wiltshire Drive when there was a much shorter and faster way to her home in Aliquippa – i.e., Route 376 – that did not take her through that intersection. In addition, she also lied to police during the traffic stop, telling them that she had not gone into the Sheetz with Washington, only to then admit that such was not the case.

All of the evidence together – Washington's eluding police at the Sheetz, Henry's presence near Washington's home an hour after the incident, her inability to explain her presence there, and her lying to police about being with Washington at the Sheetz – was sufficient to prove Henry's guilt beyond a reasonable doubt. This evidence established that Henry had intended to hinder Washington's apprehension, and that with that intent, she had transported and/or communicated with him.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/10/2020